# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40248
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OTHON ROBLEDO-CRUZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-973-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Othon Robledo-Cruz, a citizen of Mexico, pleaded guilty to illegal reentry following a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). He was sentenced to 60 months' imprisonment, a 46-month, upward variance from his Sentencing Guidelines advisory sentencing range of 8 to 14 months. Robledo asserts his sentence is substantively unreasonable and greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-40248

Although post-*Booker,* the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Robledo does not claim procedural error.

An above-Guidelines sentence is substantively unreasonable if it: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) (internal citation omitted). Although Robledo concedes his criminal history was properly considered at sentencing, he contends the court placed too much emphasis on his prior state convictions for second-degree murder and aggravated assault.

While the court primarily relied on the prior murder conviction in imposing an upward variance, it supported its decision with a discussion of the relevant 18 U.S.C. § 3553(a) sentencing factors. This court "give[s] due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [sentencing] factors, on a whole, justify the extent of the variance". *Gall*, 552 U.S. at 51.

Robledo asserts the 46-month variance is unwarranted given that his second-degree-murder offense occurred nearly 17 years before his instant, illegal-reentry offense. Nevertheless, his assertion that his conviction is too

remote to justify an upward variance amounts to a mere disagreement with the court's weighing of the 18 U.S.C. § 3553(a) sentencing factors and is not a sufficient basis for reversal. *Id.* Further, Robledo spent a considerable amount of that 17 years incarcerated for killing one man, and shooting another with a sawed-off shotgun. *See United States v. Sanchez*, 667 F.3d 555, 569 (5th Cir. 2012) (rejecting similar assertion).

Although the sentence is 46 months greater than the top of the Guidelines advisory sentencing range, it is below the 10-year statutory maximum. 8 U.S.C. § 1326(b)(1). This court has upheld significantly greater variances. *E.g.*, *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (upholding sentence of 216 months' imprisonment where the top of the Guidelines sentencing range was 57 months' imprisonment); *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005) (affirming sentence of 120 months' imprisonment where the top of the Guidelines range was 41 months' imprisonment).

Robledo next contends the variance was not warranted because his conviction for second-degree murder was accounted for in his Guidelines sentencing range. Our court has held, however, that, in imposing an above-Guidelines sentence, the court may rely on factors already taken into account by the Guidelines. *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

Finally, Robledo maintains that his sentence is unreasonable given illegal reentry is not a violent offense and this is his first prosecution for such an offense. Our court has repeatedly rejected challenges to the substantive reasonableness of a sentence based on the assertion that illegal reentry is merely "an international trespass, not a crime of violence or a crime that posed a danger to others". *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir.

No. 17-40248

2006); *see, e.g., United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

AFFIRMED.